FILED

2014 Mar-19  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

BILLIE MICHELLE PHILLIPS,    }
        }
    **Plaintiff,**        }
        }    **CASE NO. 6:13-CV-00110-SLB**
**v.**        }
        }
**CAROLYN W. COLVIN,**    }
**Commissioner, Social**    }
**Security Administration,**    }
        }
    **Defendant.**      }

## MEMORANDUM OPINION

Plaintiff Billie Michelle Phillips brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security denying her application for a period of disability, disability insurance benefits ["DIB"], and supplemental security income ["SSI"]. (Doc. 8.)[1] Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff initially filed an application for a period of disability and DIB on November 12, 2009, alleging an onset date of June 29, 2007. (Doc. 5-6 at 2;  R. 115.) On the same day,

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. When the document cited is duplicated in the bound physical copy of the transcript of the entire record of the proceedings, the page number of that transcript is also included, ["Doc. ___; R ___."].

plaintiff filed for SSI. (*Id* at 3-9; R. 116-122.) These claims were denied on March 5, 2010. (Doc. 5-4 at 2-3 ; R. 99-100.) Plaintiff requested a hearing before an administrative law judge ["ALJ"], (doc. 5-5 at 3; R. 102), which was held on May 10, 2011, (doc. 5-3 at 82; R. 81). The ALJ rendered his decision on May 31, 2011, (doc. 5-3 at 32; R. 31), and on July 12, 2011 plaintiff filed an appeal with the Appeal Council, (*Id* at 31; R. 30). The Appeals Council ["AC"] issued their opinion on February 15, 2011, which modified the ALJ's opinion as to plaintiff's residual functional capacity ["RFC"], but affirmed his decision to deny benefits. (*Id* at 14-20; R. 13-19.) The AC disagreed with the ALJ's finding that plaintiff had past relevant work experience, but still found the plaintiff disabled. (*Id* at 18; R. 17.) The AC used the grid of Medical-Vocational Rule ["MVR"] 202.18 as a framework to find that the plaintiff was capable of "light work".[2] (*Id*.)

The AC concluded that, despite plaintiff's impairments, "there are a significant number of jobs in the national economy which she could perform as the additional limitations do not significantly erode the occupational base". (*Id* at 19; R. 18.) The decision of the AC represents the final decision of the Commissioner of Social Security, making this case ripe for review by this court. (*Id* at 14; R. 13.) On January 2, 2013, the AC granted plaintiff an

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. CFR §§ 404.1567(b), 416.967(b).

extension of time to file a civil action appealing their decision. (*Id* at 2; R. 1.) Plaintiff filed

an appeal with this court on January 13, 2013. (Doc. 1.)

## III. DISCUSSION

### A.      The Five-Step Evaluation Defined

The regulations require the Commissioner to follow a five-step sequential evaluation

to determine whether a claimant is eligible for disability benefits. *See* 20 C.F.R. §§ 404.1520,

416.920; *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). The specific steps in the

process are as follows:

(1)      The Commissioner must first determine whether the claimant is engaged in

substantial gainful activity.[3] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant

is working and the work is substantial gainful activity, the Commissioner must find that the

claimant is not disabled, regardless of the claimant's medical condition or his age, education,

and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). A claimant who is unable to

work a full work day is deemed unable to engage in substantial gainful activity. *Johnson v.*

*Harris*, 612 F.2d 993, 998 (5th Cir. 1980).

(2)      If the claimant is not engaged in substantial gainful activity, the Commissioner

must next determine whether the claimant suffers from a severe impairment or combination

---

[3] Substantial gainful activity is work that involves significant mental and physical activities and is usually performed for pay or profit. The following factors are considered: time spent in the work; quality of the work performance; whether the worker is self-employed; the need for special conditions or supervision; use of experience, skills, and responsibilities; and whether the worker contributes substantially to the operation of the business. *Johnson v. Sullivan*, 929 F.2d 596, 597 (11th Cir. 1991).

of impairments which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).[4] An impairment is not severe if it is a slight abnormality having a minimal effect on the individual's ability to work. *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments is disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

(3)     If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and is equivalent to any one of the number of listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1. If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d).

(4)     If the claimant's impairment does not satisfy one of the listed impairments, the Commissioner must then review the claimant's residual functional capacity ("RFC"), along with the physical and mental demands of the claimant's prior work experience, to determine whether the claimant is capable of performing the kind of work performed in the past. If the

---

[4] The regulations provide: "if you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. §§ 404.1520(c), 416.920(c).

4

claimant's RFC is sufficient to perform past work, the Commissioner will not find the claimant disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). As with the first three elements, the claimant bears the burden of establishing that the impairment prevents him from performing past work. *Yuckert*, 482 U.S. at 146 n.5.

(5)     Finally, if the claimant meets his burden and establishes the inability to do the kind of work he performed in the past, the burden shifts to the Commissioner to prove that the claimant, based on a review of the claimant's RFC, age, education, and work experience, is capable of performing any other work that exists in the national economy.[5] *Yuckert*, 482 U.S. at 146 n.5; *Chester v. Bowen*, 792 F.2d 129, 131. If the claimant is not capable of performing any other jobs in the economy, then the Commissioner must find the claimant disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

**B.     The Five-Step Evaluation Applied**

Applying the steps of the sequential evaluation, the ALJ first found that plaintiff had not been engaged in substantial gainful activity since June 29, 2007. (Doc. 5-3 at 37; R. 36.) At step (2), the ALJ further found that plaintiff had the following severe impairments: depressive disorder, NOS, in partial remission, borderline personality disorder, and history of THC and alcohol abuse. (*Id*.) However, applying step (3), these impairments did not meet or medically equal any listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id* at

---

[5] "[W]ork which exists in the national economy" is defined as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

38; R. 37.)

At step (4), the ALJ determined that plaintiff possessed the RFC to perform the full range of "light work". (*Id* at 40; R. 39.) The ALJ found that plaintiff could "understand, remember, and carry out instructions" and "respond appropriately to supervision, co-workers, usual work situations, and deal with changes in a routine work setting." (*Id*.) The ALJ found that the plaintiff was capable of "performing past relevant work as a fast food worker which is classified as light and unskilled." (*Id* at 42; R. 41.) The AC disagreed with the ALJ, finding that the plaintiff had not worked as a "fast food worker" long enough for that work to qualify as past relevant work. (*Id* at 18; R. 17.) Because the ALJ had found the plaintiff capable of performing previous relevant work, he did not continue to the fifth step of the analysis.

The AC then continued to step (5), applying the MVR 202.18 grid as a framework to find that "there are a significant number of jobs that claimant is capable of performing based upon her age, education, work experience and residual functional capacity." (*Id*.) The AC found that "the additional limitation that claimant can understand, remember, and carry out simple, routine instructions and unskilled work do not significantly erode the occupational base." (*Id*.) Based on these findings, the AC concluded that plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision. (*Id* at 19; R. 18.) Accordingly, the AC upheld the ALJ's decision that plaintiff was not entitled to a period of disability, DIB, or SSI. (*Id* at 14; R. 13.)

6

C.      **Plaintiff's Contentions**

Plaintiff alleges that the AC improperly relied on the MVR grids in determining that plaintiff was not disabled and that plaintiff's "moderate" difficulties with concentration, persistence, or pace are incompatible with the AC's finding that plaintiff's impairments did not significantly affect her ability to work.

Plaintiff alleges that the AC improperly relied on the RFC grids found in MVR 202.18 in finding the plaintiff not disabled. (Doc 8 at 10.) These tables are known as the "grids". They lay out different findings of disability based on the plaintiff's age, education, and work experience. "Approximately 1,600 separate sedentary and light unskilled occupations can be identified in eight broad categories, each occupation representing numerous jobs in the national economy." 20 C.F.R. § 404, subpt. P, app. 2 § 200.00(a). The grid rules provide that "[t]he functional capacity to perform a wide or full range of light work represents substantial work capability compatible with making a work adjustment to substantial numbers of unskilled jobs". 20 C.F.R. § 404, subpt. P, app. 2 § 200.00(b). Therefore, a claimant who falls into one of the grid categories is capable of performing a substantial number of jobs in the national economy.

The AC, in demonstrating that one of the grids is applicable to plaintiff, correctly found that numerous jobs exist in the national economy that plaintiff can perform. The AC, using the grids as a framework, found that MVR grid 202.18 applied to plaintiff, based on her age, education, work experience, and RFC. (Doc. 5-3 at 18; R. 17.) The application of

the grid meant that plaintiff was not disabled because there were jobs in the national economy she could perform.

Plaintiff argues that the grids cannot be applied to plaintiffs with non-exertional impairments such as those suffered by the plaintiff. (Doc. 8 at 10.) However, "non-exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level." *Murray v. Heckler*, 737 F.2d 934, 935 (11th Cir. 1984). The question, therefore, is whether the plaintiff suffered a non-exertional impairment severe enough to prevent a wide range of gainful employment.

There is substantial evidence supporting the ALJ's finding that plaintiff suffered moderate difficulties only with regards to concentration, persistence, and pace. (Doc. 5-3 at 39; R. 38.) The ALJ cites to Dr. Gragg's finding that plaintiff had "no indication of significant psychiatric or psychological issues." (Doc. 5-8 at 31; R. 241.) Dr. Gragg also stated that "there do not seem to be any intellectual or psychological features that would interfere with her ability to function in a work environment." (*Id*.) The ALJ correctly points out that impairments "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only your statement of symptoms." 20 C.F.R. § 404.1508. The ALJ did not assign significant weight to the opinion of Dr. Blotcky because it was based largely on statements made by the plaintiff and was inconsistent with the record as a whole. (Doc. 5-3 at 41; R. 40.)

The plaintiff's own statements were also given little weight by the ALJ because "the

evidence of record does not reflect any evidence of consistent treatment for any mental impairment" and "the evidence does not show her to have sought any charitable assistance for her impairments." (*Id.*) Plaintiff had been admitted to a hospital for mental problems only twice in the past, and each time was released after a day or less. (Doc. 5-8 at 29; R. 239.) Plaintiff's also voluntarily stopped taking her medications for depression. (Doc. 5-3 at 92; R. 91.) There is substantial evidence to support the ALJ's assignment of little weight to the subjective statements of the plaintiff because the record did not evince a history consistent with a significant mental impairment. Based on these findings, there was substantial evidence to support the ALJ in finding the plaintiff to have moderate restriction in only concentration, persistence, or pace.

Plaintiff contends that even if the ALJ was correct in finding a moderate restriction in only that area, the AC should have found that such a restriction severely limited plaintiff's ability to work. In *Scott v. Commissioner of Social Security*, the 11th Circuit held that plaintiff "could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, and pace". *Scott v. Comm. of Social Sec.*, 495 Fed.Appx 27, 29 (11th Cir. 2012). In that case, as here, the medical evidence showed that plaintiff could do unskilled work, and thus was not disabled. The court did not find that a moderate restriction in concentration, persistence, or pace automatically resulted in a severe limitation on plaintiff's ability to work. *Id.* Therefore plaintiff's argument that a moderate difficulty in that area necessitates a finding of a severe impact on ability to work at a

designated RFC is without merit.

In *Murray v. Heckler*, the court held that "non-exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level." *Murray*, 737 F.2d at 935. The AC evaluated the claimant's RFC on appeal and disagreed with the ALJ's finding concerning past relevant work. (Doc. 5-3 at 18; R. 17.) On review, the AC adopted the ALJ's RFC and, applying MVR 202.18 as a framework, found the plaintiff not disabled, non-exertional impairments notwithstanding. (*Id*.)

The AC held that "additional limitations that claimant can understand, remember, and carry out simple, routine instruction and unskilled work do not significantly erode the occupational base." (*Id*.) The AC adopted the ALJ's factual findings in regards to plaintiff's impairments. (*Id* at 17; R. 16.) Therefore the AC based its findings off the same information as the ALJ, namely that Dr. Gragg found plaintiff to have moderate difficulties in only one area, (Doc. 5-8 at 31; R. 241), plaintiff had not followed or attempted to follow a course of treatment consistent with her alleged disability, (Doc. 5-3 at 40; R. 41), the fact that plaintiff stated she quit her last job because she could not find childcare, not because of disability, (doc. 5-8 at 24, 28; R. 234, 238), and the general lack of evidence of the claimed disabilities, (doc. 5-3 at 42; R. 41). The applicable regulation states that the "functional capacity to perform a wide or full range of light work represents substantial work capability". 20 C.F.R. § 404, subpt. P, app. 2 § 200.00(b)

10

Here the plaintiff was capable of performing at least a "wide" range of light work, therefore, the AC properly determined her to be not disabled. Substantial evidence supported the AC's finding that plaintiff's limitations did not significantly reduce the number of jobs available at her designated RFC. By showing that plaintiff was capable of performing other work in the national economy, the Commissioner satisfied his burden under step (5) of the analysis.

## V. CONCLUSION

Based on the reasons stated above, this court is of the opinion that the Commissioner's decision is in accordance with the correct legal standards and supported by substantial evidence. The decision is due to be **AFFIRMED**. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 19th day of March, 2014.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

11